IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **REBECKA DITSWORTH**, individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>**v.**<br><br>**P&Z CAROLINA PIZZA, LLC, CHARLES H. ZOELLERS, and DANIEL P. PATTERSON**,<br><br>Defendants. | **Case No. 1:20-cv-84-GNS** |

## PLAINTIFF'S CONSENT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

Plaintiff Rebecka Ditsworth, individually and on behalf of similarly situated persons ("Plaintiff"), by and through her attorneys, and with the consent of Defendants P&Z Carolina Pizza, LLC, Charles H. Zoellers, and Daniel P. Patterson ("Defendants"), hereby requests preliminary approval of the Parties' Settlement and Release Agreement ("Settlement Agreement"). Specifically, Plaintiff moves the Court for an Order (1) certifying a Fair Labor Standards Act ("FLSA") collective action and Kentucky and North Carolina class actions for settlement purposes, (2) preliminarily approving the Parties' class action settlement, (3) approving the proposed Class Notice and Claim Form to be sent to putative class members, and (4) scheduling a hearing for final approval of the parties' class action settlement agreement to occur at least 100 days following the Court's order granting preliminary approval of the class settlement.

A copy of the Parties' Settlement Agreement and the proposed Notice and Claim Forms have been filed under seal. (DE 6). The declaration of Plaintiff's counsel Joe P. Leniski, Jr. in support of this motion is attached as an Exhibit hereto. Plaintiff incorporates the following

1

Memorandum in Support.  The Parties have reached a settlement on behalf of all class members.  The settlement meets the standards granting preliminary approval of a class action settlement.

## MEMORANDUM IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

### I.    INTRODUCTION

On June 21, 2019, Plaintiff filed a Kentucky class action complaint against Defendants in the Logan County, Kentucky Circuit Court, Case No. 19-CI-00188.  Following mediation, the Parties reached a settlement agreement and agreed to dismissal of the state court action to seek approval of the settlement in federal court due to the agreed-upon inclusion of the federal Fair Labor Standards Act ("FLSA") and North Carolina class action claims.  Hence, Plaintiff filed this class and collective action against Defendants in this Court to seek approval of the Parties' agreement.  In this Complaint, Plaintiff has alleged that Defendants failed to properly reimburse delivery drivers for expenses, violating their minimum wage obligations.

Subject to Court approval, the Parties have agreed to settle these claims on a collective action basis pursuant to Section 216 of the FLSA, and on a class action basis under Kentucky and North Carolina state wage and hour law pursuant to Federal Rule of Civil Procedure 23.  As discussed more fully below, the settlement is the result of extensive negotiations between the Parties, including a full-day and structured mediation before a mediator experienced in both wage and hour and class action litigation.

### II.    BACKGROUND

Plaintiff worked as a pizza delivery driver for Defendants and consented to bring the instant action on behalf of herself and all others similarly situated.  Plaintiff's Complaint alleges minimum wage violations resulting from under-reimbursed vehicle costs incurred on the job in violation of the FLSA and Kentucky and North Carolina state wage and hour law.  Plaintiff asserted those claims on behalf of herself and similarly situated delivery drivers currently and

formerly employed by Defendants.  Plaintiff alleged that Defendants under-reimbursed their delivery drivers' vehicle costs incurred on the job, thereby reducing the workers' net wages below the federal and state minimum wage rates.  Further, Plaintiff alleged that Defendants applied the same reimbursement formula and rate to all of their delivery drivers during the recovery period.

Following Plaintiff's state court complaint, the Parties thoroughly investigated their claims and defenses and engaged in mediation with experienced wage and hour class and collective action mediator Allen Blair, Esquire.  The Parties conducted an investigation of facts during the prosecution of the litigation, which included the formal and informal exchange of information. Counsel for the Parties also analyzed the likelihood of successfully trying the case on a class-wide basis.  The Parties further reviewed records and interviewed witnesses.  Numerous tele-conferences were held and emails exchanged between representatives of the Parties in order to attempt to resolve the claims.

Defendants denied and continue to deny any liability or wrongdoings of any kind associated with the claims alleged by Plaintiff, and further deny that, for any purpose other than settling this matter, this action is appropriate for class or collective action treatment. Plaintiff, on the other hand, asserts that Defendants failed to comply with federal minimum wage requirements embodied in the FLSA and applicable state wage laws.  Class Counsel understands Defendants' position and defenses, but believes Plaintiff, individually and on behalf of the Class, could ultimately succeed at trial on the basis of common proof.  Both Parties recognize the uncertainty of the outcome, and appreciate the expense and time associated with further litigation.

Accordingly, in the interest of resolution, representatives of the Parties participated in lengthy settlement negotiations and mediation and ultimately reached a Settlement after taking into account the disputed factual and legal issues, the risks attendant to further prosecution,

Defendants' defenses, and the benefits to be received by Class Members.  Counsel concluded that settlement on the terms set forth herein is in the best interest of Plaintiff and the Class and is fair and reasonable.

## III.   KEY SETTLEMENT TERMS

The Settlement Agreement defines the Settlement Classes as:

All Kentucky Class Members, North Carolina Class Members, and Tennessee Class Members, collectively.

The Kentucky, North Carolina, and Tennessee Classes include all delivery drivers who worked for Defendants during the Release Period, which is defined as follows:

- June 21, 2014, through the date the Court grants Preliminary Approval for Kentucky Class Members; and

- March 1, 2017, through the date the Court grants Preliminary Approval for North Carolina and Tennessee Class Members.

The Parties agreed to settle class members' wage and hour claims by Defendants establishing a settlement fund inclusive of payments to the putative class, attorneys' fees, litigation costs, administration costs and a modest service award.  All class members who do not opt-out will receive a guaranteed minimum payment.  The remaining settlement funds will be distributed to class members who submit claims based on an equitable formula through which class members may claim their individual and *pro rata* share of separately negotiated Kentucky, North Carolina, and Tennessee Claim Funds.

The release binding Class Members who do not opt out is limited to wage and hour claims. *See* Agreement at Paragraph 52.  Based on service to the class in initiating this case and working with counsel to investigate and prosecute this litigation, Named Plaintiff seeks a modest service award.

Subject to this Court's approval, Plaintiff's Counsel will receive fees and litigation costs

equal to one-third (1/3) of the gross settlement amount.  Defendants do not oppose or object to this request for attorneys' fees and costs.

The Parties have jointly selected a settlement administrator. A notice of collective action settlement (the "Notice") and claim form ("Claim Form") will be mailed to all putative class members as soon as practicable after the Court's preliminary approval of this settlement, the Notice and the Claim Form.  The Parties' proposed Notice should be approved as it explains in clear terms (1) the nature of the settlement, (2) the factors used to determine the amount each class member has been allocated under the settlement, and (3) each delivery driver's right to submit a claim form, object to the settlement, or exclude themselves from the settlement.

The Settlement Administrator will send a notice of preliminary approval and settlement to each class member and each of them will have 60 days after mailing of the notice to submit a claim form, choose to opt-out, or file objections.[1]  Class members will also have the opportunity to appear at the final approval hearing to be set by the Court.

The settlement payments will be allocated as 50% expense reimbursement and 50% liquidated damages. Settlement checks that cannot be delivered or are not cashed after 180 days of mailing will be allocated to a designated reserve fund that will be established for Class Members' benefit and maintained through the expiration of the three-year statute of limitations under the Fair Labor Standards Act.

## IV.   ARGUMENT

### A.   The Court Should Preliminarily Approve the Settlement

Federal Rule of Civil Procedure 23(e) provides a class action can be settled only with court

---

[1] Tennessee Class Members will not be required to file a claim for to receive a *pro rata* share of the settlement.  All Tennessee Class Members will receive a settlement check and those who choose to cash or negotiate their check will release their claims.

approval.  In the Sixth Circuit, there is a three-step process for approving class action settlements: (1) the court preliminarily approves the proposed settlement; (2) the class members receive notice of the proposed settlement; and (3) after a hearing, the court finally approves the settlement. *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001). Preliminary approval of a class action settlement is thus a provisional step.  At the preliminary approval stage, the Court's review is not exacting.  The Court's role is simply to evaluate whether the proposed settlement appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval. *In re Skechers Toning Shoe Prods. Liab. Litig.*, 2012 WL 3312668, at *8 (W.D. Ky. Aug. 13, 2012); *Hyland v. HomeServices of Am., Inc.*, No. 05-cv-612, 2012 WL 122608, at *2 (W.D. Ky. Jan. 17, 2012) (citing *Tenn. Assoc. of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001)). The standards for preliminary approval are less stringent than at the final approval stage.  *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011)).  Moreover, in evaluating a proposed settlement, "[the Court's] role at this stage of the proceeding is not to evaluate the merits of the litigation, since this would contravene the parties' decision to 'waive their right to litigate the issues involved in the case and thus save themselves the time, and the inevitable risk of litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971). The question for the Court to resolve is "simply whether the settlement is fair enough that it is worthwhile to expend the effort and costs associated with sending potential class members notice and processing opts-outs and objections." *Hillson v. Kelly Servs.*, Case No. 2:15-cv-10803, 2017 WL 279814, at *6 (E.D. Mich. Jan. 23, 2017). Accordingly, at the preliminary approval stage, "the bar to meet the 'fair, reasonable, and adequate' standard is lowered[.]" *In re Regions Morgan Keegan Secs.*, No. 08-

cv-2260, 2015 WL 11145134, at *3 (W.D. Tenn. Nov. 30, 2015); *Johnson v. W2007 Grace Acquisition I, Inc.*, No. 13-2777, 2015 WL 12001268, at *4 (W.D. Tenn. Apr. 30, 2015). Applying these standards, preliminary approval of the Settlement Agreement is warranted. *See e.g.*, *Marnoch and Breit v. GBR Pizza, Inc. et al*, Case 5:19-cv-257 (E.D. N.C.) (Hybrid FLSA and Rule 23 settlement recently and finally approved for similar claims); *Rechtoris v. Dough Management, Inc. et al.*, Case 3:18-cv-708 (N.D. IN.) (similar FLSA and Rule 23 settlement preliminarily approved).

### 1.    The Proposed Settlement Was Fairly and Honestly Negotiated

The primary procedural factor that courts consider in determining whether to preliminarily approve a proposed class action settlement is whether the agreement arose out of arms-length, non-collusive negotiations. *Hillson*, 2017 WL 279814, at *6 (citing *Newberg on Class Actions*, § 13:14 (5th ed.)). Here, the Parties are represented by counsel that is highly experienced in the specific type of wage and hour claims alleged in the action.  The Parties investigated the merits of the claims and Defendant' defenses and engaged in mediation with an experienced wage and hour class and collective action mediator. *Hainey v. Parrot,* 617 F.Supp.2d 668, 673 (S.D.Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually assures that the negotiations were conducted at arm's length and without collusion between the parties."); *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, Civil Action No. 06-299-JBC, 2008 WL 2885230, at *6 (E.D. Ky. Oct. 23, 2008) (finding no risk of fraud or collusion relative to final approval, where settlement was "the product of arm's length, good-faith settlement negotiations" reached after mediation through mediator).

### 2.    Serious Questions of Law And Fact Exist, Placing the Ultimate Outcome of This Action in Doubt

Plaintiff believes that the claims are strong but recognize that success is not guaranteed.

With respect to the merits of Plaintiff's claims, Plaintiff believes that she will prevail in demonstrating that Class Members were not properly reimbursed for miles they incurred in their own vehicles on Defendants' behalf. Defendants, however, contend that they fully complied with applicable minimum wage requirements and believe numerous factors could preclude class-wide treatment. Defendants deny all liability and believe that their defenses are strong and that the Class Members were properly reimbursed for the expenses.  Nonetheless, both Parties recognize that they may not ultimately prevail, and that the proposed settlement alleviates the uncertainty for both sides.

Even aside from the risks associated with determining liability, significant risks exist as to the amount of possible damages.  First, the Parties dispute whether the three-year limitations period under the FLSA applies, or whether the two-year period for non-willful violations would be applicable in this matter.  Second, the Parties dispute whether this case could be tried on a class or collective action basis.  Finally, the parties dispute the applicability of potential penalties. Because there are several important questions of law and fact regarding liability and damages that remain unresolved, the second factor weighs in favor of approval of the Settlement.  *See Brent v. Midland Funding, LLC*, No. 3:11 CV 1332, 2011 WL 3862363, at *16 (N.D. Ohio Sept. 1, 2011)(citing to 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11.50 (4th ed.2002) that "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.").

> ### 3. The Value of Immediate Recovery Outweighs the Possibility of Any Future Relief

The issues here are complex and will be vigorously contested, resulting in significant time and expense if the litigation continues.  Barring a settlement, the Parties would need to prepare for and conduct a trial with numerous witnesses.  Thereafter, any final judgment could be

appealed, thereby extending the duration of the litigation.  Given these risks, further litigation could result in no recovery for Class Members or a significant judgment against Defendants, which could bankrupt them, leaving nothing for the Class Members to recover. For these reasons, the value of an immediate and certain settlement far outweighs the uncertainty of any future relief, and the Settlement Agreement should be preliminarily approved. *Id.*

### 4.    Counsel Believe the Settlement Is Fair and Reasonable

Counsel for both sides fully support the Settlement Agreement, and "[c]ounsels' judgment as to the fairness of the agreement is entitled to considerable weight."  *Lucas*, 234 F.R.D. at 695 (finding that this factor favored preliminary approval where "the parties' counsel - among whom are attorneys with substantial experience in complex class action litigation and disability class actions - unanimously support this settlement") (citation omitted); *see also*, *id* at *18 (same). When evaluated in light of the factors identified by this Circuit, the proposed settlement is fair, reasonable, and adequate and should be approved.

### B.    The Settlement Class Meets the Requirements of Rule 23(a) For Settlement Purposes.[2]

### 1.    Numerosity

The numerosity requirement of Rule 23(a)(1) is established if the class is so numerous that joinder of all members is impracticable.  In the instant case, the Settlement Class consists of in excess of 1,000 individuals, which satisfies the numerosity requirement of Rule 23(a)(1).  *See, e.g. Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974)(as few as 35 people satisfied standard); *Maez v. Springs Automotive Group, LLC*, 268 F.R.D. 391, 395 (D.Colo.,2010) (391 putative class members satisfied numerosity requirement); *See*, *e.g.*, *Thomas v. Louisiana-*

---

[2] For purposes of settlement only, Defendants have agreed not to contest the statements made in this motion regarding class and collective action certification.  However, Defendants do not waive, and expressly reserve, any defenses or denials that class certification is proper in this case should the Court not approve the settlement or the settlement not be perfected.

*Pacific Corp.,* 246 F.R.D. 505, 509 (D.S.C. 2007) (approving class action with 130 potential class members).

### 2.    Commonality & Typicality

Commonality and typicality "tend to merge." *See Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012). "A finding of commonality requires only a single question of law or fact common to the entire class." *DG v. Devaughn*, 594 F.3d 1188, 1194-1195 (10th Cir. 2010). "[Rule 23] does not require that all, or even most issues be common, nor that common issues predominate, but only that common issues exist." *Beaulieu v. EQ indus. Services, Inc.*, 2009 WL 2208131, *11 (E.D.N.C. July 22, 2009) (internal citations and quotations omitted). Here, Plaintiff contends the primary questions of law and fact central to the claims against Defendants include:

   a.    Whether Defendants' reimbursement method provided sufficient vehicle reimbursements to its delivery drivers;

   b.    Whether the Class Members' vehicle-related expenses resulted in payment below minimum wage;

   c.    Whether Defendants willfully violated applicable wage and hour laws; and

   d.    Whether Plaintiff and the Class Members have sustained damages and, if so, the proper measure of damages.

Thus, for settlement purposes, the proposed Class Members share sufficient commonality to satisfy Federal Rule of Civil Procedure 23(a)(2).

To satisfy the typicality requirement of Federal Rule of Civil Procedure 23(a)(3), Plaintiff must show that his claims "are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The typicality requirement ensures that the absent class members are adequately represented by the lead plaintiff such that the interests of the class will be fairly and adequately protected in their absence. *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 157 n.13 (1982).

Plaintiff alleges that Class Members were not paid for all reimbursement expenses in a

manner compliant with federal and state law.  As a result, Plaintiff claims that she and the other putative Class Members are owed additional compensation.  Plaintiff contends that the legal standards and requirements for proving the subject wage and hour claims are the same for Plaintiff's individual claims and those of all of the putative Class Members.  Thus, for settlement purposes, Plaintiff's claims are sufficiently typical of the putative class to satisfy Federal Rule of Civil Procedure 23(a)(3).

### 4.    Adequacy

The last requirement of Rule 23(a) is that the representative party will fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a)(4). The Sixth Circuit looks to two criteria to determine the adequacy of representation: "the representative must have common interests with unnamed members of the class; and it must appear that the representatives will vigorously prosecute the interest of the class through qualified counsel." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012). Plaintiff asserts that neither she nor her counsel have any interests antagonistic to those of the putative Class Members.  Plaintiff has communicated regularly with Class Counsel, and Plaintiff, through counsel, has prosecuted this action vigorously on behalf of herself and the putative class.  Plaintiff contends her counsel has considerable experience as lead counsel in class action wage and hour litigation.  Thus, for settlement purposes, Plaintiff has established that Plaintiff and Class Counsel will fairly and adequately protect the interests of the putative class to satisfy Federal Rule of Civil Procedure 23(a)(4).

### C.    The Settlement Class Meets the Requirements of Rule 23(b)(3) For Settlement Purposes.

Plaintiff asserts that certification is proper under Rule 23(b)(3) for settlement purposes. Rule 23(b)(3) permits class certification when (1) common questions of law and fact predominate over any individual claims and (2) a class action is the superior method to fairly and efficiently adjudicate the matter.  Under the Rule 23(b)(3) predominance analysis, the Court must determine whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

### 1.    Predominance

The predominance requirement is satisfied if a plaintiff establishes that a common nucleus of facts and potential legal remedies dominates the litigation. *Id.*   As explained above, Plaintiff asserts that the common nucleus of facts in the present case derives from the alleged practices that excluded certain incurred expenses from the Plaintiff's reimbursement pay, as required by the FLSA.   Plaintiff alleges that the Settlement Class Members would be entitled to the same legal remedies.    Accordingly, preliminary class certification for settlement purposes to effectuate the Settlement Agreement is proper.   Additionally, Plaintiff contends that class certification in this case serves the judicial economy function of Rule 23 class actions.

### 2.    Superiority

Plaintiff alleges that a proposed class action settlement is the superior method of resolving the dispute in comparison to available alternatives.   A class action is the superior method for managing litigation if no realistic alternative exists.   *Valentino v.Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-1235 (9th Cir. 1996).   Plaintiff asserts that the alternative method of resolution could be hundreds of individual claims, but individual cases would be uneconomical for potential plaintiffs because the cost of litigation dwarfs their potential recovery, and for Defendants and the Court because it would cause an extensive duplication of efforts and resources.   Because it is likely that each individual Settlement Class Member could only pursue relatively small claims, such individuals have no particular interest in individually controlling the prosecution of separate actions.   Additionally, in the instant action, all Settlement Class Members have the option to opt-out of the proposed settlement, thus allowing individuals the opportunity to control the resolution of their individual claim.

Plaintiff believes that concentrating the litigation of the claims in this and one particular forum would be the most efficient manner or adjudicating all of the claims of the Settlement Class. For purposes of preliminary approval of the Settlement Agreement, there is no reason why concentrating the litigation in this Court would be undesirable. Lastly, under Rule 23(b)(3)(D), the Court may consider likely difficulties in managing a class action.  In the context of a settlement,

however, considerations regarding management of the class action are irrelevant, because the proposal to the court is to avoid trial through a settlement agreement. *See Amchemr*, 521 U.S. at 620 (1997).  In light of these considerations, preliminary certification of the Settlement Class for settlement purposes is proper under the requirements of Rule 23(b)(3).

### D.   Conditional Certification of the FLSA Collective Action

"The FLSA standard for evaluating whether individuals are similarly situated is different than the standard in Federal Rule of Civil Procedure 23 in that it is less demanding." *Bentz v. UC Synergetic, LLC*, 2:16-CV-2700-SHL-EGB, 2018 WL 4677786, at *3 (W.D. Tenn. Sept. 28, 2018)(citing to *Monroe v. FTS USA*, LLC, 860 F.3d 389, 397 (6th Cir. 2017))(internal citations omitted). Here, conditional certification of the FLSA class is warranted for many of the same reasons detailed above regarding certification under Rule 23's more stringent standards. Plaintiff alleges that all class members performed the same primary job duty of delivering pizzas and other food to Defendants' customers using their personal vehicles, they were compensated by similar hourly pay rates, drove similar delivery distances, Defendants reimbursed them with the same or comparable rate per mile and/or delivery, and their claims are based on the same legal theory.  Plaintiff asserts that employees may recover vehicle costs when the employer's estimation of such costs is unreasonable, and the shortfall results in minimum wage deficits.  Alternatively, Plaintiff asserts that Defendants must either track and reimburse actual vehicle costs or reimburse at the IRS rate.  Either way, Plaintiffs are similarly-situated and the same legal standard will apply class-wide.  This is sufficient to warrant certification of Plaintiff's FLSA claim for settlement purposes. *See e.g.*, 29 U.S.C. § 216(b)(FLSA certification warranted where plaintiff demonstrates she and putative class members are "similarly situated"); *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 585 (6th Cir. 2009)(Plaintiffs who suffer from a single, FLSA-violating policy or whose claims are "unified by common theories of defendants' statutory violations" are similarly situated);

*Otis v. TAH Pizza, Inc. et al.,* Case 2: 18-cv-00111 (E.D. TN) (approving of FLSA certification of similar claims for settlement purposes). The Parties will move for approval of the FLSA settlement contemporaneously with seeking final approval of the Rule 23 settlement classes.

### E.      The Court Should Approve the Proposed Notice And Claim Form

Pursuant to Rule 23(e), the Court must direct reasonable notice to all class members. *Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008) (citing Fed. R. Civ. P. 23(e)(1)). Courts have broad discretion to approve the specific form and content of notice so long as the notice meets the requirements of constitutional due process.  *Id*.  These requirements are met if the notice is reasonably calculated to apprise interested parties of the pendency of the proposed settlement and afford them an opportunity to present objections. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

A Rule 23(e) settlement notice must inform class members (1) of the nature of the pending litigation, (2) of the settlement's general terms, (3) that complete information is available from the court files, and (4) that any class member may appear and be heard at the final approval hearing.  4 Newberg on Class Actions § 11:53 (4th ed. 2002).

The proposed Notice satisfies all these elements.  First, it explains the nature of the action. Second, the Notice apprises Settlement Class Members of the pendency of the settlement and informs them of material settlement terms.  The Notice explains that Class Members who "do nothing" will remain in the Settlement Class, receive a settlement payment, and be bound by the settlement and all orders and judgments.  The Notice describes how to object to the settlement, informs Class Members that they will receive a share of the Settlement Amount and explains factors that will be applied to account for their precise recovery. *Pelzer v. Vassalle*, 655 F.App'x at 368 (6th Cir. 2016) (quoting *Int'l Union*, 497 F.3d at 630)(notice should "fairly apprise the

14

prospective members of the class of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests.").

Class Members are also provided full notice of their right to file objections, attend the fairness hearing, or hire their own attorney at their expense. *Id* at 368 (quoting *Int'l Union*, 497 F.3d at 631) (notice should be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Class Members will have a reasonable amount of time, 60 days from the date the notice is mailed, to object to the Settlement or mail an opt-out request.  Courts have routinely found this period to be reasonable and have even approved shorter periods. *Bryant v. Act Fast Delivery of Colo., Inc.*, No. 14-cv-00870-MSK-NYW, 2015 WL 392663, at *5 (D. Colo. June 25, 2015) (45 days).

The Parties will file a Joint Motion for Final Approval of the Settlement following the end of the objections period.  The Parties also request the Court to set a final fairness hearing so that the notice can inform Class Members of the date and location of that hearing.  To accommodate the notice period, and in compliance with the Class Action Fairness Act, the Parties request a date at least 100 days after the Court's order preliminarily approving the settlement.

## V.   CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and issue an Order that:

(a)   certifies a Kentucky and North Carolina class action pursuant to Federal Rule 23 for purposes of settlement;

(b)   conditionally certifies an FLSA collective action for purposes of settlement;

(c)   preliminarily finds that the Parties' settlement of the Kentucky and North Carolina class claims appears to be fair, reasonable, and adequate as to members of the class, subject to any

objections that may be raised at the final fairness hearing and final approval of class settlement by this Court;

(d)     grants preliminary approval of the Kentucky and North Carolina class action settlement;

(e)     grants approval of the FLSA collective action settlement;

(f)     approves as to form and content the Parties' proposed Notice and Claim Form as reasonable notice practicable under the circumstances and in full compliance with applicable law;

(g)     orders that each Class Member be given a full opportunity to file a claim, object to, or opt-out of the Settlement Agreement, and to participate at the final approval hearing;

(h)     schedules a final fairness hearing at least 100 days following the Court's Order; and

(i)     awards such further relief as the Court deems equitable and just.

RESPECTFULLY SUBMITTED,

/s/ David O'Brien Suetholz
David O'Brien Suetholz
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
515 Park Avenue
Louisville, KY 40208
Phone: 502-636-4333
Email: davids@bsjfirm.com

Joe P. Leniski, Jr.* (TN BPR #22891)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
Tel: (615) 254-8801
joeyl@bsjfirm.com

Jay Forester* (Texas Bar No. 24087432)
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Suite 700
Dallas, TX 75020
Phone: 214-210-2100

16

Fax: 214-346-5909
Email: jay@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFF AND
THE PROPOSED CLASS AND COLLECTIVE**

*with consent of:*

*/s/ Craig P. Siegenthaler*_____
Craig P. Siegenthaler
FISHER & PHILLIPS LLP
220 West Main Street, Ste. 1700
Louisville, Kentucky 40202
Telephone: (502) 561-3970
Facsimile: (502) 561-3991
csiegenthaler@fisherphillips.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

A copy of the foregoing document was electronically served on all counsel of record.

*/s/* David O'Brien Suetholz_____